Cowen, J.
This was an action of debt against the defen dant as a stockholder in the Rossie Lead Mining Company. The plaintiff proved a note of the company payable to the order of Moss and Knapp, made while the defendant was a stockholder, together with a judgment upon it in favor of the plaintiff against the company, followed by an unavailable execution. The defendant proposed evidence tending to impeach the note as wholly or partially invalid, because given for property which the company had no power to purchase. The defence was overruled, on the ground that the defendant was concluded by the judgment.
This company was incorporated by the act of May 12, 1837. (Sess. Laws of 1837, p. 441.) By the 9th section, the stockholders are declared jointly and severally personally liable for the payment of all debts or demands contracted by the corporation. But it is provided by the next section, that no suit shall be commenced upon such debt or demand against a stockholder till judgment shall have first been obtained against the corporation, execution issued and returned unsatisfied in whole or in part, or the corporation shall have been dissolved. In becoming a stockholder, the defendant subjected himself to liability according to the terms of the statute ; by the true construction of which, I am of opinion, the stockholders are made liable as guarantors of all debts contracted by the company, upon condition that the creditor shall, in the manner prescribed, show the inability of the company to pay the judgment and execution against them. (See Moss v. Oakley, 2 Hill, 265.) One would suppose it scarcely necessa *133 ry to do more than read the statute in order to determine the character of the relation. A. contracts to pay any debt contracted by B., if the latter be unable to pay it. Put this upon paper, and you have the obligation upon which the plaintiff sues. The corporation, an artificial person, is the principal. Independently of the statute, the stockholder is no more liable to be sued than a stranger. The company and he are in legal contemplation distinct individuals. He sits down and writes, however, that, being a stockholder, he is anxious that the credit of the company should be sustained, and he will pay the plaintiff whatever debt this individual may make, if he shall be in default at the return day of a fi. fa. Admitting the defendant to be a surety, however, the case of Slee v. Bloom, (20 John. Rep. 669,) is relied upon as showing that the judgment is an estoppel. That case certainly went on a statute the same in effect with the one before us, so far as it related- to the question of estoppel. The marginal note, moreover, states that the judgment debt of the corporation was held to be binding and conclusive upon the individuals; and the case has sometimes been thought to fayor the doctrine that, under the statute now in question, the judgment may be prima facie evidence. (Moss v. Oakley, 2 Hill, 265.) There are dicta ■ in Slee v. Bloom which are perhaps equivocal on the question whether the judgment ought not even to have concluded; but on a careful examination of the case in reference to the points decided, I am inclined to think it comes altogether short of holding that the judgment was to be received as evidence of any degree tending to establish the genuineness of the original demand. The case appears to have proceeded upon the sole ground that the debt had been duly contracted by the agents of the corporation ; and that nothing was found either in the pleadings or proofs to impeach the transaction, supposing no judgment to have existed. Spencer, Ch. J. delivered the opinion; and I do not understand him to dissent from Chancellor Kent, whose decision he was reviewing, as to the effect of the judgment when used against the stockholders. He seems to have conceded that if a case had been made out impeaching or detracting *134 from the demand as between the creditor and the company, supposing no judgment to exist, such a case would have been admissible in favor of the guarantors, notwithstanding the judgment. The whole examination of the case went on this assumption. It resulted in the inference that the defence had failed because there was not sufficient in the allegata et probata to impeach the consideration at any time or under any circumstances,, as between the creditor and the principal debtor. The corporation had, by their agents, executed a bond for the debt. At law it could not have been impugned even for fraud in the consideration ; and the proof left it untouched even on the broader doctrine of equitable relief. The case, in short, was the ordinary one of principal and surety. There was a subsisting debt, the payment of which was guarantied by the defendants for a valuable consideration, as it always must be in order to fix a surety. The case at bar comes to the same thing.
Stating the case and settling the relation between the Rossie Lead Mining Company and the defendant is all we have to do so far as this court or indeed the court of errors are concerned. That the contract of a surety, naked and without any stipulation to abide a judgment or decree against the principal, is not affected by it, we held after much consideration in Douglass v. Howland, (24 Wend. 35, 52 to 59.) The contract is to pay the debt—not the judgment. We have therefore held that the surety is not liable for the costs of the judgment against his principal. (Bailey v. Bancker, 3 Hill, 188, 192, S. P.) The general doctrine of Douglass v. Howland has recently been reviewed and affirmed in the court for the correction of errors. (Jackson v. Griswold, 4 Hill, 522.) The question was embar rassing, and the cases far from being uniform. The decided weight of authority, however, both at law and in equity, was found to be against allowing the surety to be at all embarrassed by the judicial proceeding. He stands, as was held in Slee v. Bloom, on the precise rights of his principal under the contract. If the latter can defend, so can the surety. The surety is bound by the acts in pais of the principal or his agents, but is neither bound nor touched by any judicial proceeding to. which the *135 principal alone is a party; nay, says Jackson v. Griswold, even though he actually participate in the prosecution or defence, unless he be a party to the record.
It was sought to infer on the argument, that the 10th section, by providing that a judgment must be first obtained against the principal, was intended to fix the surety by the event of the suit. Several cases are mentioned in Douglass v. Howland, where, from the special frame of the contract, he may be thus concluded.(a) The provision relied upon is, however, of a directly opposite character. Instead of enlarging the obligation beyond that of a simple guaranty, it restricts it. Instead of leaving it absolute to pay the debt, as it was in the cases mentioned, it makes a condition. The proof of the judgment, therefore, is not made with a view to an estoppel, but as res ipsa. The provision is like that in many of the statutes of this country requiring a judgment and execution against an executor, as the condition on which a suit may be sustained against the heir or devisee. It has often been held that, in a suit against the latter, the judgment makes nothing towards proof of the debt. (See the cases cited in Cowen & Hill’s Notes to 1 Phill. Ev. 921, 982.)
On the argument, the liability of the defendant for this debt was compared to that of one partner for the debt of another. The comparison is not new, I believe, nor is it altogether unjust quoad hoc. The stockholders are jointly liable, and, in this, are like partners both as to the creditor and as between themselves. But to say that the stockholders and the corporation are members of the same firm, would be to violate all analogy. They are not jointly liable; nor does their relation in any respect resemble that of partners, unless it be in the power of the corporation to bind others. This, however, is to bind others in a distinct obligation; nor can the latter bind the corporation. (See Pratt v. Bacon, 10 Pick. 126,127.) Beside, the argument is felo de se. If the corporation and stockholders be partners, a *136 judgment against one would extinguish the debt against the others.(b) At least, a judgment in a suit against one partner alone, is not evidence against the other. To render it even prima fade evidence, the suit must be against both, under the statute ef joint debtors.
For aught I know, the defence offered at the trial may come to nothing.(c) But we can not say intuitively that it will. The cause should be tried independently of any effect to be derived from the judgment beyond its mere existence to fulfil the condition on which the defendant consented to be chargeable.
Bronson. J.
In Moss v. Oakley, (2 Hill, 265,) we decided that a corporation, though not specially authorised by its charter to contract in that form, might make a promissory note for a debt contracted in the course of its legitimate business. The declaration alleged that the company made the note on which the plaintiff sued, which could mean nothing less than that it was made for a lawful purpose. This fact was admitted by the demurrer, and the plaintiff was of course entitled to judgment so far as related to that point in the case. It was a question of pleading, and nothing was necessarily decided concerning the force of a judgment against the company as evidence against a stockholder. "When he is sued, the judgment must be given in evidence for the purpose of showing that one of the events has happened which give an action against the share-holder. But I think the judgment is neither conclusive nor prima facie evidence against the stockholder of the original debt or demand against the company. That must be proved in the same manner as though the judgment had not been recovered.
Nelson, C. J., concurred.
New trial granted.

 See Rapelye v. Prime, (4 Hill, 119.)''

6) See Pierce v. Kearney, (ante p. 82.)

 See Moss v. The Rossie Lead Mining Co. (post, p. 137.)